Filed 10/22/25  P. v. Elsey CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C100424 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 23F1209, 23F4095) |
| v. | |
| LESTER PAUL ELSEY II, | |
| Defendant and Appellant. | |

Appointed counsel for Lester Paul Elsey II asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record revealed that the abstract of judgment omits a sex offender fine that the trial court orally imposed during sentencing.  We will order the trial court to issue a corrected abstract of judgment and affirm the judgment.

BACKGROUND

In February 2023, officers searching Elsey's home found ammunition and 28 firearms.  Multiple victims told law enforcement officers that Elsey had sexually assaulted them when they were minors.

1

In case No. 23F1209, Elsey was charged with five counts of committing a lewd or lascivious act on a child under the age of 14 (Pen. Code, § 288, subd. (a); counts 1-5), two counts of committing a lewd or lascivious act on a child aged 14 or 15 (§ 288, subd. (c)(1); counts 6-7), 28 counts of being a felon in possession of a firearm (§ 29800, subd. (a); counts 8-35), and one count of being a felon in possession of ammunition (§ 30305, subd. (a)(1); count 36).[1] Multiple aggravating circumstances were also alleged. (Cal. Rules of Court, rule 4.421.)

In case No. 23F4095, Elsey was charged with 11 counts of committing a lewd or lascivious act on a child under the age of 14 (§ 288, subd. (a); counts 1-5, 8-13), two counts of committing a lewd or lascivious act on a child aged 14 or 15 (§ 288, subd. (c)(1); counts 6-7), and six counts of committing oral copulation on a child under the age of 14 (former § 288a, subd. (c)(1); counts 14-19). An aggravating circumstance was also alleged. (Cal. Rules of Court, rule 4.421.) It was further alleged that Elsey was subject to sentencing under section 667.61, subdivision (e)(4) because he committed offenses against more than one victim.

In September 2023, Elsey pleaded guilty to counts 1 through 34 in case No. 23F1209. In case No. 23F4095, he pleaded guilty to counts 1 through 3, 9, and 10. The remaining counts in both cases were dismissed with a waiver under *People v. Harvey* (1979) 25 Cal.3d 754. Elsey stipulated to an aggregate prison sentence of 45 years 4 months, as follows: (1) in case No. 23F1209, eight years (the upper term) on count 1, two years (one-third the middle term) consecutive on each of counts 2 through 5, and eight months (one-third the middle term) consecutive on each of counts 6 through 34; and (2) in case No. 23F4095, two years (one-third the middle term) consecutive on each of counts 1 through 3, 9, and 10.

---

[1] Further undesignated statutory references are to the Penal Code.

In December 2023, the trial court sentenced Elsey to the stipulated term. It also imposed a $600 restitution fine (§ 1202.4, subd. (b)), a corresponding parole revocation fine (stayed unless parole is revoked) (§ 1202.45), and a $1,170 sex offender fine. A minute order stated that the sex offender fine consisted of: $300 (§ 290.3), $300 (§ 1464), $30 (Gov. Code, § 76104.6), $120 (Gov. Code, § 76104.7), $150 (Gov. Code, § 70372, subd. (a)(1)), $210 (Gov. Code, § 76000, subd. (a)(1)), and $60 (§ 1465.7). The abstract of judgment lists the $600 restitution fine and a corresponding suspended $600 parole revocation fine, but it does not list the sex offender fine.

Elsey timely appealed in case No. 23F4095 and obtained a certificate of probable cause. This court subsequently granted Elsey's motion to construe his notice of appeal and certificate of probable cause as also including case No. 23F1209.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Elsey was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have passed, and we have received no communication from Elsey.

Our review of the record discloses that, according to the reporter's transcript in the record, the trial court did not impose a sentence on count 9 in case No. 23F1209 but then imposed the same eight-month sentence twice on count 13 in the same case. This appears to be a misstatement or a transcription error, because Elsey stipulated to an eight-month consecutive sentence on each of counts 9 and 13, and the reporter's transcript as a whole makes clear that the trial court accepted the parties' stipulated sentence and intended to sentence Elsey consistent with that agreement. We will therefore harmonize the record and interpret the oral pronouncement of judgment to mean that the trial court imposed the

3

stipulated sentence. (*People v. Smith* (1983) 33 Cal.3d 596, 599 [record in conflict will be harmonized if possible].)

Our review of the record also revealed that the trial court orally imposed a $1,170 sex offender fine, but this fine is not listed on the abstract of judgment. Where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We will therefore order the trial court to issue a corrected abstract of judgment that reflects the oral pronouncement of judgment. (*Ibid.*)

Having undertaken an examination of the entire record, we find no arguable error that is favorable to Elsey.

### DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment in accordance with this opinion, including listing the sex offender fine and its statutory bases, and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


　　　　　　　　　　　　　　　　　／s／　　　　　　　　　　
　　　　　　　　　　　　　　　　FEINBERG, J.



We concur:



　　　／s／　　　　　　　　　　
DUARTE, Acting P. J.



　　　／s／　　　　　　　　　　
RENNER, J.